court, Alice Sinclair, Assistant Federal Defender, on behalf of the appellant, Mr. Torres. We contend in this case that admission of evidence that Mr. Torres had molested his stepdaughter was fundamentally unfair in denial of due process in this prosecution for sex crimes against an adult woman. I want to reiterate what I hope was clear from at least the reply brief, which is that this court does not need to reach the question whether there is a per or non-denialation of due process in the use of pure propensity evidence. I did provide historical and legal authorities in support of such a proposition. I would urge that those be considered background material to inform the fundamental fairness analysis. And so I'd like to turn to the facts of the case, since we are looking at an as-applied challenge. I want to distinguish the facts in this case from those in United States v. LeMay. LeMay, of course, is a legal, permitting propensity evidence in sex crimes. And as I mentioned in the brief, this court's rejection of the facial challenge in LeMay may close the door to any such facial challenge here. But Mr. LeMay, and this part was not addressed in the briefs, also had an as-applied challenge. And I want to explain why the facts of Mr. Torres' case call for a different interpretation here. In LeMay, this court identified specific aspects of the evidence-based process before it that rendered it appropriate and not a violation of due process for the court to admit prior sex crimes. Specifically, the panel focused on certain facts which went to similarity between the prior offenses that were brought in for propensity purposes and the charged offenses. And in LeMay, the same sex acts were involved. It was oral copulation, both in the prior and in the charged offenses. Breyer. Acquired under 414. 414, as I understand it, is different from 404B in that it essentially is broader. It does what 404B normally forbids, which is it allows the jury to consider that if this person engaged in sex crimes with minors in the past, the jury may consider that he has a propensity to do it, which, as I understand, 404B is just the opposite. LeMay. That's correct. And the same is true in the California scheme at issue here. Prior to the statute that permitted propensity evidence for sex crimes. Breyer. If that's the case, then the distinction that you're attempting to draw, and I don't mean this disrespectfully, but I'm not sure that it – that your argument makes – is a distinction that matters where the legislature or at least the advisory committee that presents the rule to the Supreme Court on the Federal side has concluded for policy reasons that we addressed in LeMay that this evidence is admissible as an exception to the normal rule that a jury can't consider propensity evidence. LeMay. The reason that I think these facts matter and that the Court considered them in LeMay as to the as-applied challenge is that LeMay, as to the Federal rules like People v. Falsetta, as to the California rules, specifically said this categorical exception to a propensity ban for sex crimes purposes does not itself violate the Constitution because courts retain the discretion to balance the probative versus the prejudicial and keep out that sex crimes propensity evidence, which is so prejudicial it would violate due process. Implicit in that is a recognition that not all uses of propensity evidence can survive due process challenge. Also, not all of them fail it. So, therefore, the rule itself is not facially unconstitutional. But we have to ask whether the Court in a particular case properly exercised its obligation to exclude evidence which has so little probative value and such great prejudicial value that its admission does, in fact, violate due process. If that's the argument we make here. Is it a due process violation or simply an abuse of discretion in the ruling by the district court in applying the balancing test? Well, again, here we're in the 2254 context, so we're talking about a due process violation, and the standard is fundamental fairness. I think it's implicit in this Court's analysis of what was both a Federal evidence issue and a due process issue, so framed in LeMay. So the argument basically would be it is an abuse of discretion because it is a due process violation. Correct. In order to have a due process violation, one must cross the threshold of abuse of discretion and further have it render the entire trial fundamentally unfair. Hypothetically, then, if I were to accept that argument, could there be a situation where the district court abused or the trial court abused its discretion in admitting the evidence, but it didn't violate due process? Well, in theory, that would be true. And I suppose that the only circumstances in which I could imagine being persuaded that were the case is where there was substantial evidence to corroborate the charged crimes, other than the propensity evidence and the testimony of the victim. So in all instances, the Breck v. Abramson harmless error analysis applies? Even if we find a due process violation, we still have to determine whether it had an unduly prejudicial impact on the ---- This Court's previous due process cases, including Walter v. Moss and a couple of others that are briefed on this point, have said that where a fundamental unfairness of trial has been established, that essentially also meets the standard for Brecht. So whether or not we have ---- So it's a per se rule? This Court has never used the language of per se rule. What the Court has said is that if the petitioner has established that the error so fundamentally affected the trial as to render it unfair in violation of due process, that that encompasses a finding that this verdict was substantially affected under Brecht. Do you square that with the other Supreme Court jurisprudence that says even if we find a constitutional violation, if it's not structural, we still apply the harmless error review? Well, again, Your Honor, the argument is not so much mine as my reading of the prior cases. I understand. I'm not arguing with you. I'm trying to discern a principle here because it is a very confusing area of the law, and unfortunately, our prior precedent is sort of all over the board in this area. And I think that what the Court has said in the past in the cases that have presented this is that whether or not Brecht analysis is considered a separate step analytically, where you have had facts that rise to the level of fundamental fairness, it is also clear that the same factors would support a finding that the jury verdict was affected within the meaning of Brecht. To return, if I may, to the facts of LeMay, that involved both the prior and charged offenses where the sex acts was the same, oral copulation. And in this case, the acts alleged by the stepdaughter were of a different kind than the sex acts alleged by the complaining witness at Mr. Torres's trial. Also in LeMay, this Court emphasized that the victims in both cases were young children. Also not the case here, we have a child molest as opposed to an assault on an adult. In both cases, the defendant in LeMay had the same relationship as an adult with sole responsibility for caretaking the child victims. In this case, the relationships were different. The challenge of the adult-child distinction, if we accept the proposition that 414 or whatever the ---- 1108. 1108, the Penal Code section, admits propensity evidence based upon prior child sexual misconduct, then it comes in, doesn't it? Well, again, admissibility under the rule is one thing and due process is another. And the lower the ---- What difference does it make that the victim in this case is an adult if the propensity evidence is established by the fact that this guy has been doing it with children as well? The fact that one has a propensity for ---- that one is a pedophile, for example, would indicate a propensity to be attracted to and act out that attraction with children. That does not translate ---- Well, it could be pedophile, but it could also be just a recidivist sex offender, couldn't it? Potentially. But in this case, the only prior that was admitted had to do with a child. And in that reason, for that reason, it doesn't ---- Yeah. She was 12 years old at the time. I mean, we don't have any evidence as to how mature she was. I mean, it occurred at night. I mean, there are a number of elements that are similar. He goes into her bedroom. He gropes her at night, which is similar here. I mean, you have an alcohol problem here as well. But, I mean, these aren't that far apart. And I don't think that you have to conclude that he's a ---- that because he's touched this young girl on this one occasion, that makes him a pedophile, which means that that does not tend to show that he might commit other sex crimes. I don't think that classifying somebody as a pedophile means that you don't commit ---- don't have a propensity to commit other crimes. Be that as it may, Judge Bivey, I'm not relying on that one fact alone. Another thing this Court relied on heavily in LeMay in finding no due process violations on the facts was the reliability of the evidence as to the prior offense because there had been convictions in that case and adjudication and findings beyond a reasonable doubt, whereas here these were very late surfacing allegations. Okay. You're swimming a little upstream against LeMay. But this is an ADEPA case. Yes, it is. And LeMay is sort of irrelevant for that. It may advise us about what we think about the applicability of the federal rules, but we've challenged the state rule here. But you're going to have to find clearly established Supreme Court precedents. So what's your best case and how does it apply here? There is no case on all fours. We're relying on federal---- And doesn't that foreclose us under ADEPA if there's no case? This Court has said, and the Supreme Court said in Williams, that a rule of general applicability can be analyzed under ADEPA. This Court has a lot of---- You're going to have to go to a pretty high level of abstraction, aren't you? I am. And what's your best case? Kupp v. McNaughton. And the facts are not on point, but Kupp, like Donnelly v. DeCristoforo, established the rule that fundamental fairness of the trial is what's at issue. Again, I'm not arguing factual similarity of those cases because I can see there is---- Fundamental fairness, though, is the closest principle that you can get to this. So you're saying this is just so clearly, the California courts are so clearly out of bounds here that as a matter of fundamental fairness, we can overturn their judgment. That is the argument. Okay. Thank you. Thank you, Ms. Clark. Mr. Smith? Thank you. If it pleases the Court, my name is Peter Smith from the California State Attorney General's Office representing the Respondent. I agree with the Court that this case begins and ends with AEDPA. There is no clearly established law in this with respect to propensity evidence being omitted at the trial court level. Estelle v. McGuire declined, the Supreme Court declined to express an opinion on that issue. Therefore, since there is no clearly established law, the decision of the trial court is not contrary to or involves an unreasonable application of federal law. With respect to the issue of fundamental fairness, I disagree with counsel. I don't believe the case law indicates that it has to be exactly the same, the prior act has to be exactly the same as the charged offense. In LeMay, there were differences, and I would imagine you can find differences in any factual scenario with respect to sex offenses. They're not going to be absolutely exact. I would concede if we were talking about the more generic other crimes, bad act evidence, then we would have to be looking at those sorts of factors, similarity and temporal proximity, the four or five factors that at least we've recognized in the Ninth Circuit. Yes, but I think you mentioned that 1108 is much broader and accepts. Well, it's being omitted for a different purpose because ordinarily we introduce other crimes or bad acts evidence to show modus operandi, lack of accident. Intent, yes. Here, we're introducing it to show propensity. This guy's a sex offender and he's doing it again. Right, and that's the bottom line. And the two situations are very similar. You can go down the line. They're family members. He sneaks into their bedroom with respect to both victims, preys on them at night and commits sexual assaults. LeMay, there was a difference with respect to the offense. The offense is the prior offense and the charged offense. In LeMay, the two-year-old, if you remember, there was semen in the vagina, which is a big difference compared to the two nephews who were molested that were the basis of the current charges. So you can find distinctions and differences in every offense, but we are looking at disposition, and that's the relevancy in this particular case is the disposition to commit sexual assaults in a substantially similar fashion. And that's what the district court ruled as well as the appellate court and the state level. I have nothing else. If you have any questions.  Thank you very much. Thank you. Ms. Clare, we'll give you a minute if you have any rebuttal. Very briefly, Your Honors, I would say only that we have a fundamental fairness problem when the trial of charges involving acts against Elena turned into a trial about whether or not Mr. Torres had molested his stepdaughter. This is a case where the jury was asked to spend a great deal of its time and effort addressing the question of child molestation and to simultaneously be trying Mr. Torres, in effect, for two different crimes. You're arguing that a lot of time was consumed in the courtroom or that the jury was being asked in the jury room to spend a lot of time on this? Both. The defense. Well, how do we know what happened in the jury room? Maybe the jury can go back and say it doesn't matter whether he molested the 12-year-old or not. The evidence here is pretty clear and overwhelming. That's quite a bit of speculation, isn't it? And I don't mean to speculate about how the jury allocated its time, but they were presented with quite a bit of evidence, and they were instructed you must consider all the evidence that has been put forward on every element of the charged crime. They had a number of witnesses who were talking only about the molestation. The prosecutor argued that you should believe Elena's testimony because of Anita's testimony. And that, we argue, fundamentally skewed the relevant credibility analysis, which should have been whether Elena was telling the truth based on her own presentation and the facts of the case. Isn't that a legislative judgment which was made by the California legislation in adopting 1108 and allowing for propensity evidence to prove the crime in question from prior acts? It was a legislative judgment, indeed, Judge Bea, but the courts are nonetheless required to make sure that that legislative judgment is not effectuated in ways that violate due process in particular cases by excluding evidence. Your position is that it violates due process unless it is, A, the same act, B, people of the same age, C, in a short period of time? No, I'm not requiring that there needs to be any such laundry, you know, checklist for admissibility or due process. What is your position as to why it is not? Why did the trial judge abuse his discretion by not keeping it out? Because the relevance was weak and presenting Mr. Torres to the jury as a child molester had prejudicial value that outweighed any slight probative value. A child molestation is a much more emotionally offensive crime. It's much more likely to have the jury swayed on the fact that Mr. Torres is a bad person. To follow up on Judge Bea's question, that judgment was made by the legislature when it enacted the statute. If we were arguing like under a 608B analysis that this consumed an undue amount of time and confused the attention of the jury because it turned it into a mini trial, I could understand it. But here the legislature has essentially said you can turn it into a mini trial because it has to be established by at least a preponderance of the evidence. And once the jury satisfies itself that that prior act occurred, then it can give it whatever weight it wants to in deciding the elements of the crime that the defendant is now on trial for. But once again, although that's the general rule, when in a particular case the evidence of the prior crime is so prejudicial that it skews the fairness of the trial, which is our position here, it violates due process. Thank you. Thank you, Ms. Clare. The case just argued is submitted. And we will next hear argument in JASPAR v. Goaza. Thank you.
judges: Tallman, Bybee, Bea